CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 05, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY LAMONT DIGGS, | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00361 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| CRAIG JOHNSON, et al., | ) | Senior United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Anthony Lamont Diggs, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against two correctional officers at Pocahontas State Correctional Center, Hearing Officer Craig Johnson and Sergeant E.C. Browning. After filing his original complaint, Diggs moved to amend his complaint to include additional claims.* ECF No. 4. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint, as amended, must be dismissed for failure to state a claim upon which relief may be granted.

### I. Background

According to the complaint, Diggs received a disciplinary charge on May 6, 2024, for refusing to submit to a urinary drug screen. Compl. 1, ECF No. 1, at 3. Diggs alleges that the charge was false and that he was suffering from a kidney infection that affected his ability to

---

\* A plaintiff is entitled to amend his complaint once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Accordingly, the motion to amend will be granted, and the court will consider the additional claims listed in the motion.

urinate. Id. When he tried to explain the situation to Unit Manager B. Smith, Smith informed him that he would still be receiving a charge. Id.

Diggs alleges that defendant Johnson refused to allow him to present evidence at the subsequent disciplinary hearing and that defendant Browning testified at the hearing even though Browning was not present during the incident giving rise to the disciplinary charge. Id. at 2. Diggs alleges that Johnson found him guilty of the disciplinary charge and, in doing so, "overlooked that [Diggs] had a[] medical condition." Id. at 2–3. After finding Diggs guilty, Johnson imposed the following penalties: (1) loss of telephone privileges for two years; (2) loss of visitation privileges for two years; and (3) loss of 180 days of good time credits. Id. at 3.

Based on the foregoing allegations, Diggs claims that he was denied due process in connection with the disciplinary hearing. Id. Diggs also asserts violations of the Americans with Disabilities Act (ADA) and the Eighth Amendment. See Pl.'s Mot. Amend, ECF No. 4, at 1 ("Add ADA claim . . . . Cruel use of punishment violates my 8th Amendment [rights].").  He seeks to recover damages from both defendants. Compl. 2.

## II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

2

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Mere conclusory statements are not enough to demonstrate facial plausibility." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 750 (4th Cir. 2018) (internal quotation marks and brackets omitted).

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Diggs filed suit against Johnson and Browning under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Due Process Claims

Diggs first claims that he was denied due process in connection with the disciplinary hearing. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). "Without a protected liberty or property interest, there can be no federal procedural due process claim." Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007).

In Wolff v. McDonnell, 418 U.S. 539 (1974), "the Supreme Court considered how prison disciplinary hearings must be structured in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004). "The Supreme Court held that in a disciplinary proceeding in which an inmate's liberty interests are at stake, government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action." Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019). The Supreme Court "further recognized that, in such proceedings, an inmate has a qualified right 'to call witnesses and present documentary evidence in his defense.'" Id. (quoting Wolff, 418 U.S. at 566).

The procedural protections outlined in Wolff apply only when a disciplinary action implicates a protected interest. See Bd. of Regents v. Roth, 408 U.S. 564, 570, (1972) ("The requirements of procedural due process apply only to the deprivation of interests

4

encompassed by the Fourteenth Amendment's protection of liberty and property."); Wolff, 418 U.S. at 571 n.19 ("We do not suggest . . . that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."). A liberty interest may arise from the Constitution itself or through state laws or policies. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To establish a state-created liberty interest, an inmate in Virginia must "point to a Virginia law or policy providing him with an expectation of avoiding the conditions of his confinement and demonstrate that those conditions are harsh and atypical in relation to the ordinary incidents of prison life." Prieto, 780 F.3d at 252; see also id. at 249 (explaining that the Supreme Court has held that "while a state statute or policy may 'create liberty interests' giving rise to Due Process protection, this is so only if the denial of such interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'") (quoting Sandin v. Conner, 515 U.S. 472, 481–82 (1995)).

According to the complaint, the penalties imposed for Diggs's disciplinary conviction included the loss of telephone and visitation privileges for two years. Diggs also claims that he lost 180 days of good time credits.

The disciplinary penalties involving the loss of telephone and visitation privileges do not implicate the protections afforded under the Due Process Clause. The Supreme Court has recognized that the withdrawal of visitation privileges for up to two years is "not a dramatic departure from accepted standards for conditions of confinement." Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (citing Sandin, 515 U.S. at 485). Under similar circumstances, courts have held that an inmate "lacks a liberty interest in his visitation and telephone privileges." Coleman

5

v. Long, 772 F. App'x 647, 650 (10th Cir. 2019); see also Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172, 174–75 (3d Cir. 2007) (concluding that the loss of telephone and visitation privileges for two years did not implicate a cognizable liberty interest). Thus, to the extent that Diggs claims that either of these penalties were imposed without due process, such claim must be dismissed.

Although the revocation of good time credits implicates a protected liberty interest, see Lennear, 937 F.3d at 268, any due process challenge associated with the loss of credits is also subject to dismissal. It is well settled that an inmate "may not challenge the validity of a disciplinary conviction [resulting in the loss of good time credits] through a damages suit under § 1983 . . . 'unless the plaintiff can demonstrate that the conviction . . . already has been invalidated.'" Moskos v. Hardee, 24 F.4th 289, 295 (4th Cir. 2022) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Here, as in Moskos, Diggs's allegations "necessarily imply the invalidity of the punishment imposed," and there is no evidence that the disciplinary conviction has been overturned or invalidated. Moskos, 24 F.4th at 296 (internal quotation marks omitted). Consequently, to the extent that Diggs claims that the defendants caused him to lose good time credits without due process, the claim "fails as a matter of law." Id.

### B. Eighth Amendment Claim

Diggs also claims that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. This claim is also subject to dismissal.

The Eighth Amendment "forbids punishments that 'involve the unnecessary and wanton infliction of pain.'" Hodges v. Meletis, 109 F.4th 252, 259 (4th Cir. 2024) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). "[T]he Supreme Court has also held that prison

6

officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of life's necessities, such as food, clothing, shelter, medical care, and reasonable safety." Id. (internal quotation marks and citations omitted). "For a prisoner to assert that prison officials imposed conditions of confinement that deprive him of life's necessities, however, he must prove two elements—that the deprivation by prison officials of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." Id. (internal quotation marks and alterations omitted). "Only then can the officials be charged with inflicting cruel and unusual punishment." Id. (emphasis omitted).

The restrictions of which Diggs complains do not rise to the level of an Eighth Amendment violation. As the Supreme Court previously explained, the temporary withdrawal of visitation privileges for as long as two years does not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur." Overton, 539 U.S. at 137. The same is true for the denial of telephone privileges. See Thomas v. Drew, 365 F. App'x 485, 488 (4th Cir. 2010) (concluding that an inmate failed to demonstrate that a permanent ban on his telephone privileges violated the Eighth Amendment); Castillo, 221 F. App'x at 176 (agreeing with the district court that a two-year loss of telephone and visitation privileges does "not amount to excessive punishment under the Eighth Amendment, or to the kind of extreme deprivation of prison conditions prohibited under the Eighth Amendment") (internal quotation marks and citations omitted). And to the extent that the loss of good time credits could give rise to a cognizable Eighth Amendment

7

violation, he has not alleged facts sufficient to establish that his penalty reached that level of severity. See, e.g., Millard v. Hufford, 415 F. App'x 348, 350 (3d Cir. 2011) (concluding that the disallowance of good time credits did not violate the Eighth Amendment since it fell within the range of punishments outlined by the applicable prison regulation); Gwinn v. Awmiller, 354 F.3d 1211, 1228 (10th Cir. 2004) (concluding that the denial of good time credits and other privileges did not rise to the level of an Eighth Amendment violation). Accordingly, the complaint, as amended, fails to state a viable Eighth Amendment claim.

### C. ADA Claim

The ADA claim asserted by Diggs is also subject to dismissal. "Title II of the ADA provides that no qualified individual shall, 'by reason of [a] disability,' be denied the benefits of public 'services, programs, or activities' or be subject to discrimination by a public entity." Fauconier v. Clarke, 966 F.3d 265, 276 (4th Cir. 2020) (alteration in original) (quoting 42 U.S.C. § 12132). "To make out a violation of the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program or activity and (3) he was denied those benefits, or otherwise discriminated against, based on his disability." Richardson v. Clarke, 52 F.4th 614, 619 (4th Cir. 2022). Although a plaintiff is not required to prove his prima facie case at the pleading stage, he "must allege facts sufficient to state all of the elements of [his] claim." Wicomico Nursing Home, 910 F.3d at 751 (internal quotation marks and brackets omitted).

Diggs's complaint, as amended, fails to satisfy this pleading requirement. Even assuming that Diggs suffers from a disabling kidney impairment, he has not alleged facts

8

sufficient to establish that his alleged disability was a "motivating cause" of any adverse action taken by the defendants. Id. at 750. Accordingly, the ADA claim is also subject to dismissal.

## IV. Conclusion

For the foregoing reasons, the court concludes that Diggs's complaint, as amended, fails to state a claim upon which relief may be granted. Accordingly, the court will dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: November 5, 2024

Mike Urbanski
Senior U.S.District Judge
2024.11.05 14:54:10
-05'00'

Michael F. Urbanski
Senior United States District Judge